08-3978-ag
Saravia v. Holder

BIA
Straus, IJ
A 200 127 793

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand nine.

PRESENT:
      ROGER J. MINER,
      JOSÉ A. CABRANES,
      ROBERT D. SACK,
          *Circuit Judges*.

_____

GERMAN SARAVIA,
      *Petitioner*,

      v.                08-3978-ag
                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[*]
      *Respondent*.

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Hamza Ma'ayergi, Stamford, Connecticut.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

German Saravia, a native and citizen of El Salvador, seeks review of a July 15, 2008 order of the BIA affirming the August 27, 2007 decision of Immigration Judge ("IJ") Michael W. Straus, which denied Saravia's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re German Francisco Saravia*, No. A 200 127 793 (B.I.A. July 15, 2008), *aff'g* No. A 200 127 793 (Immig. Ct. Hartford, CT Aug. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the

IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency did not err in denying Saravia's application for asylum. In order to establish eligibility for asylum based on membership in a particular social group, the alien must establish both that the group itself was cognizable (i.e. defined with sufficient particularity and socially visible), *see Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007), and that the alleged persecutors targeted the alien "on account of" his membership in that group, *see* 8 U.S.C. § 1101(a)(42). Moreover, the applicant's status as a member of that group, and not some other factor, must be a central reason why that individual is targeted for persecution. *See* 8 U.S.C. § 1158(b)(1)(B). Here, the BIA apparently assumed that Saravia's proposed group, his family, was cognizable. *See Gonzales v. Thomas*, 547 U.S. 183, 184-87 (2006) (remanding to the agency to determine

3

whether membership in a family may constitute a particular social group for purposes of asylum eligibility). Instead, it found that Saravia failed to establish that he would be persecuted "on account of" his family ties. That finding was not in error.

Saravia argues that his brother's murder "was not just a random act of violence motivated by financial gain" but rather "a direct act of violence taken by the gang based on their envy of the Saravia family since they lived their life by rule of law, refusing to participate in criminal acts." However, in finding that Saravia failed to establish a nexus to a protected ground, the IJ determined that: (1) the fact that the gang stole Saravia's brother's wallet indicated that robbery, not family kinship, was the motivating factor behind the crime; (2) the threats made to Saravia's family members were due to the gang's fear of "vengeance" and the perception that Saravia may have money after relocating to the United States; and (3) the gang's subsequent murder of two other individuals unrelated to Saravia indicated that "the situation faced by [Saravia] is, unfortunately, the same that faces a lot of people in El Salvador, namely, the random violence that goes on in that country." The BIA made

similar findings. Because substantial evidence supports the agency's determination that the harm Saravia feared would not be perpetrated "on account of" his status as a member of his family, it did not err in denying Saravia's application for asylum. 8 U.S.C. §§ 1158(b)(1)(B); 1252(b)(4)(B).

Finally, Saravia waived his claims for withholding of removal and CAT relief by failing to raise those claims in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

5